## THURBER & CO.

*v.*

## ANDREW ANDERSON.

1. AGENCY—*party bound by acts of one suffered to act as his general agent.* Where a son is suffered to act as a general agent for his father, both in buying and selling articles in the father's line of business, the public will be justified in assuming that the son possessed all the powers of a general agent in buying and selling, and the father will be liable for goods ordered by the son in his father's name, suited to his business, though the son uses the same himself.

2. SAME—*presumption of authority to buy.* While it is true, an authority to buy goods can not be inferred simply from an authority to sell, yet, where a clerk or shopman has been accustomed to buy as well as to sell for his principal, the presumption of full authority is equally applicable to both. By permitting another to hold himself out to the world as his agent, the principal adopts his acts, and will be held bound to the person who gives credit thereafter to the other.

3. SAME—*presumption as to goods being adapted to principal's business.* Where the son of a grocery and saloon keeper, accustomed to buy and sell goods in his father's name, ordered a lot of imported cigars and ale in his father's name, but used the same himself, it will not, in the absence of proof to that effect, be presumed the goods were not adapted to the father's business, so as to preclude a recovery against him.

APPEAL from the Circuit Court of Ford county.

Mr. CALVIN H. FREW, for the appellants.

Mr. JOHN R. KINNEAR, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The controversy in this case is, whether appellee is liable for a bill of cigars and imported ale shipped by appellants to his address, on an order drawn in his name by his son, on them, to that effect. The son received the goods, and made use of them himself, without the knowledge of appellee.

Appellee denies that his son had any authority to purchase goods for him, and also denies that he ever had any knowledge of his having ordered or received these goods; but it does not appear that appellants had any reason to suspect that the goods were not ordered by him.

The goods were ordered December 4, 1875, and several witnesses testify, that at that time, and prior and subsequent thereto, appellee's son was in his grocery, and that, during the time he was there, he sold goods, gave orders to runners for goods, received money in payment for goods sold, receipted, in his father's name, for express packages, ordered goods from other houses in his father's name, and corresponded with reference thereto; and, also, that during that time he did not profess to be doing business for himself. And of all this, the reasonable presumption, from the evidence, is, appellee had full knowledge.

We do not think it important to inquire precisely what authority appellee, in fact, conferred upon his son in regard to

his business, because, in our opinion, the decided preponderance of the evidence is, that he was suffered to act as a general agent both in buying and selling, and the public were, therefore, justified in assuming that he possessed all the powers requisite to a general agent in buying and selling. It is true, as contended by counsel for appellee, that an authority to buy can not be inferred simply from an authority to sell; yet where a clerk or shopman has been accustomed to buy as well as to sell, the presumption of full authority is equally applicable to both. Story on Agency, § 89. By permitting another to hold himself out to the world as his agent, the principal adopts his acts, and will be held bound to the person who gives credit thereafter to the other, in the capacity of his agent. 2 Kent's Com. (8th ed.) 799.

It is suggested, however, that the goods here ordered were not such as were suited to the business in which appellee was engaged, and that, in no view, could the son bind appellee by contracts for goods not in the line of his trade.

The evidence fails to show that the goods ordered were not such as are within the line of business in which appellee was engaged. His evidence was: "Am in grocery; general stock; keep tobacco, etc." Another witness, Benjamin Kinkly, speaks of his having a "grocery and saloon."

No witness says that imported ale and cigars, such as were ordered, are articles not adapted to such business, and we are not warranted in so presuming, in the absence of evidence.

We are of opinion that, under the evidence before us, the judgment does injustice to appellants, and that it should, therefore, be reversed. The judgment is reversed and the cause remanded.

*Judgment reversed.*